UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

MAYLINE ESPOSITO,

                                   Plaintiff,

            -against-

CITY OF NEW YORK, GERARD DELPRETE, Individually,
JOHN RYAN, Individually, MICHELLE ORTIZ, Individually,
MEGAN CARROLL, Individually, ARTHUR TRUSCELLI,
Individually, NICHOLAS VELEZ, Individually, JOHN BROOKS,
Individually, DAVID LUPPINO, Individually,

                                   Defendants.

------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

15 CV 0278
(FB) (VMS)

Jury Trial Demanded

Plaintiff MAYLINE ESPOSITO, by her attorneys, Brett H. Klein, Esq., PLLC,

complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of her civil rights, as

said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also

asserts supplemental state law claims.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMANDS

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff MAYLINE ESPOSITO is a thirty-two year old woman residing in Staten Island, New York

7.      Defendant CITY OF NEW YORK ("City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants GERARD DELPRETE, JOHN RYAN, MICHELLE ORTIZ, MEGAN CARROLL, ARTHUR TRUSCELLI, NICHOLAS VELEZ, JOHN BROOKS, and DAVID LUPPINO ("individually named defendants") were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

2

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On October 19, 2013, at approximately 8:30 p.m., in front of 255 Hylan Boulevard, Staten Island, New York, defendant NYPD officers GERARD DELPRETE, JOHN RYAN, MICHELLE ORTIZ, MEGAN CARROLL, ARTHUR TRUSCELLI, NICHOLAS VELEZ, JOHN BROOKS, and DAVID LUPPINO *inter alia* falsely arrested, battered, strip searched, fabricated evidence against, and prosecuted plaintiff MAYLINE ESPOSITO or otherwise failed to intervene in said acts despite being present for during the commission of said abuses of authority, and having a meaningful opportunity to intervene in said acts.

13.     In particular, defendant DELPRETE approached and handcuffed ESPOSITO'S left wrist despite lacking probable cause to believe ESPOSITO had committed any crime or offense.

14.     Defendant RYAN thereafter approached ESPOSITO, unfastened ESPOSITO'S pants, and unjustifiably and unreasonably reached inside her pants, touching her genital and thigh areas.

15.     Defendant RYAN then handcuffed plaintiff's right wrist.

16.     While ESPOSITO was standing rear handcuffed at said location, defendant RYAN intentionally squeezed ESPOSITO'S right handcuff into a severely over tight position and stated, in sum and substance, I'm going to break both your fucking hands and wrists.

17.     The defendant officers did not loosen or adjust ESPOSITO'S handcuffs, leaving said handcuffs in a severely over tight position for an unreasonable period of time. As a result of

3

the defendants' conduct, ESPOSITO suffered serious physical injuries to her wrists necessitating subsequent ongoing medical treatment.

18.     While plaintiff was handcuffed at the location, defendant ORTIZ approached ESPOSITO and unreasonably pulled her pants down, searched her, and pulled her pants back up.

19.     Defendant CARROLL assisted ORTIZ in executing this improper and invasive search.

20.     Defendant officers BROOKS and LUPPINO, who were present during the above described acts of misconduct yet failed to intercede, transported ESPOSITO to the NYPD's 120th precinct station house and imprisoned her in a holding cell.

21.     The defendant officers imprisoned or otherwise caused ESPOSITO to be imprisoned until October 20, 2013, when plaintiff was released on her own recognizance following her arraignment in Richmond County Criminal Court on baseless charges filed under docket number 2013RI008746; said charges having been filed based on the false allegations of defendant DELPRETE, who conspired with defendants RYAN, ORTIZ, CARROLL, TRUSCELLI, VELEZ, BROOKS, and LUPPINO to provide false information and evidence to the Richmond County District Attorney's Office.  Said false information and evidence was used against plaintiff and formed the basis of the criminal charges filed against plaintiff.

22.     DELPRETE falsely swore in the criminal court complaint that he observed ESPOSITO hand a small pink object containing oxycodone pills to another individual, and that he observed that other individual hand a sum of money to ESPOSITO.  Those allegations are entirely false.

23.     As a result of DELPRETE'S false allegations, ESPOSITO was charged with

4

Criminal Sale and Possession of a Controlled Substance in the 3rd degree (two B felonies).

24.     The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the abovementioned abuse of authority and acts of brutality, and/or for overtime compensation and/or other personal gain.

25.     On February 4, 2014, all the charges filed against ESPOSITO were dismissed and sealed in Richmond County Criminal Court.

26.     Defendant RYAN, who holds the rank of sergeant, participated in, supervised and oversaw the *inter alia* unlawful arrest, overtight handcuffing, strip search, fabrication of evidence against and malicious prosecution of plaintiff.

27.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, a practice of falsification, of employing excessive force, and of illegal strip searches.

28.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force and engage in a practice of falsification to cover up their abuses of authority.

29.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to

5

violate the plaintiff's civil rights.

30.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

31.     As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of her constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against the Individually Named Defendants)

32.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "31" with the same force and effect as if fully set forth herein.

33.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

34.     All of the aforementioned acts deprived plaintiff MAYLINE ESPOSITO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

35.     The acts complained of were carried out by the aforementioned individually named defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

6

36.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

37.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38.    Defendants arrested plaintiff MAYLINE ESPOSITO, without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

39.    Defendants caused plaintiff MAYLINE ESPOSITO to be falsely arrested and unlawfully imprisoned.

40.    As a result of the foregoing, plaintiff MAYLINE ESPOSITO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unlawful Strip Search under 42 U.S.C. §1983 against Defendants Ryan, Ortiz, and Carroll)

41.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.    Plaintiff MAYLINE ESPOSITO was unreasonably searched in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time she was searched.

43.     Defendants thereby caused plaintiff MAYLINE ESPOSITO to be deprived of her right to be free from unlawful strip searches.

44.     As a result of the foregoing, plaintiff MAYLINE ESPOSITO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983 against Defendant Ryan)

45.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     The level of force employed by defendant Ryan was excessive, objectively unreasonable and otherwise in violation of plaintiff MAYLINE ESPOSITO'S constitutional rights.

47.     As a result of the aforementioned conduct, plaintiff MAYLINE ESPOSITO was subjected to excessive force and sustained physical and emotional injuries.

48.     As a result of the foregoing, plaintiff MAYLINE ESPOSITO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983 against Defendant Delprete)

49.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendant Delprete initiated, commenced and continued a malicious prosecution against plaintiff MAYLINE ESPOSITO.

51.     Defendant Delprete caused plaintiff MAYLINE ESPOSITO to be prosecuted without probable cause until the charges were dismissed on or about February 5, 2014.

52.     As a result of the foregoing, plaintiff MAYLINE ESPOSITO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983 against Defendant Delprete)

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendant Delprete issued criminal process against plaintiff MAYLINE ESPOSITO by causing her arrest and prosecution in Richmond County Criminal Court.

55.     Defendant caused plaintiff MAYLINE ESPOSITO to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the defendants' abuse of authority and acts of brutality, and/or for overtime compensation and/or other personal gain, and thereby violated plaintiff's right to be free from malicious abuse of process.

56.     As a result of the foregoing, plaintiff MAYLINE ESPOSITO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of Right to Fair Trial/Fabrication of Evidence Claim under 42 U.S.C. § 1983 against the Individually Named Defendants)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     Defendants created false evidence against plaintiff MAYLINE ESPOSITO.

59.     Defendants utilized this false evidence against plaintiff MAYLINE ESPOSITO in legal proceedings.

60.     As a result of defendants' creation and use of false evidence, plaintiff MAYLINE ESPOSITO suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

61.     As a result of the foregoing, plaintiff MAYLINE ESPOSITO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against the Individually Named Defendants)

62.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     The individually named defenadants had an affirmative duty to intervene on behalf of the plaintiff, whose constitutional rights were being violated in their presence by other officers.

64.     The individually named defendants failed to intervene to prevent the constitutional violations described herein, including without limitation, the false arrest, overtight handcuffing, unlawful strip search, fabrication of evidence, and malicious prosecution of plaintiff.

10

65.     As a result of the foregoing, plaintiff was subjected to excessive force, her liberty was restricted for an extended period of time, she was put in fear of her safety, and she was strip searched, humiliated and subjected to tight handcuffing and other physical restraints, and wrongfully prosecuted.

66.     As a result of the foregoing, plaintiff MAYLINE ESPOSITO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against Defendant Ryan)

67.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     Defendant Ryan, an NYPD supervisor, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train his subordinate employees.

69.     As a result of the foregoing, plaintiff MAYLINE ESPOSITO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against the City of New York)

70.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

11

71.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

72.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, subjecting citizens to excessive force and illegal strip searches, arresting individuals without probable cause and manufacturing evidence to cover up their abuse of authority and/or for other collateral objectives, including overtime compensation and professional advancement, and otherwise engaging in falsification.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

73.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

74.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

75.     The foregoing customs, policies, usages, practices, procedures and rules of the

12

CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

76.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff MAYLINE ESPOSITO was subjected to excessive force illegally strip searched, falsely arrested, unlawfully imprisoned, and maliciously prosecuted.

77.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

78.    All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from false arrest/unlawful imprisonment;

    C.    To be free from excessive force;

    D.    To be free from illegal strip searches;

    E.    To be free from the failure to intervene;

    F.    To be free from malicious prosecution;

    G.    To be free from malicious abuse of process; and

    H.    To receive a fair trial to be free from the fabrication of evidence.

79.    As a result of the foregoing, plaintiff MAYLINE ESPOSITO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

13

## Supplemental State Law Claims

80.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.    Within ninety (90) days after the claim herein accrued, plaintiff MAYLINE ESPOSITO duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

82.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

83.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

84.    Plaintiff MAYLINE ESPOSITO has complied with all conditions precedent to maintaining the instant action.

85.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York against all Defendants)

86.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.    Defendants, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did violent and/or menacing acts which threatened such contact to plaintiff, and that such acts caused apprehension of such contact in the

14

plaintiff.

88. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's assault. Defendant City, as employer of the each of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

89. As a result of the foregoing, plaintiff MAYLINE ESPOSITO was placed in apprehension of imminent harmful and offensive bodily contact.

90. As a result of defendant's conduct, plaintiff MAYLINE ESPOSITO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

91. As a result of the foregoing, plaintiff MAYLINE ESPOSITO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Battery under the laws of the State of New York against all Defendants)

92. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Defendants, acting within the scope of their employment, intentionally, willfully and maliciously battered plaintiff when they, in a hostile and/or offensive manner, struck plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

94. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's battery. Defendant City, as employer of the each of the individually named defendant

officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

95.   As a result of defendants' conduct, plaintiff MAYLINE ESPOSITO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

96.   As a result of the foregoing, plaintiff MAYLINE ESPOSITO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York against all Defendants)

97.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.   Defendants, acting within the scope of their employment arrested plaintiff MAYLINE ESPOSITO without probable cause.

99.   As a result of defendants conduct, plaintiff MAYLINE ESPOSITO was detained against her will for an extended period of time and subjected to physical restraints

100.   As a result of the aforementioned conduct, plaintiff MAYLINE ESPOSITO was unlawfully imprisoned in violation of the laws of the State of New York.

101.   As a result of the aforementioned conduct, plaintiff MAYLINE ESPOSITO suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

102.   Defendants, their officers, agents, servants, and employees were responsible for plaintiff's arrest. Defendant City, as employer of the each of the individually named defendant

16

officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

103.   As a result of the foregoing, plaintiff MAYLINE ESPOSITO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York against Defendant Delprete and Defendant City of New York)

104.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.   Defendant DELPRETE, acting within the scope of his employment initiated, commenced and continued a malicious prosecution against plaintiff MAYLINE ESPOSITO.

106.   Defendant DELPRETE caused plaintiff MAYLINE ESPOSITO to be prosecuted without probable cause until the charges were dismissed on or about February 5, 2014.

107.   Defendant City, as employer of the defendant DELPRETE, is responsible for his wrongdoing under the doctrine of *respondeat superior*.

108.   As a result of the foregoing, plaintiff MAYLINE ESPOSITO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York against Defendant Delprete and Defendant City of New York)

109.   Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.    Defendant DELPRETE, acting within the scope of his employment issued criminal process against plaintiff MAYLINE ESPOSITO by causing her to be arrested, arraigned and prosecuted in Richmond County Criminal Court.

111.    Defendant DELPRETE caused plaintiff MAYLINE ESPOSITO to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their abuse of authority and acts of brutality.

112.    Defendant City, as employer of the defendant DELPRETE, is responsible for his wrongdoing under the doctrine of *respondeat superior.*

113.    As a result of the foregoing, plaintiff MAYLINE ESPOSITO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12 against Defendant City of New York)

114.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.    As a result of defendants' conduct, plaintiff MAYLINE ESPOSITO was deprived of her right to security against unreasonable searches, seizures, and interceptions.

116.    As a result of the foregoing, plaintiff MAYLINE ESPOSITO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

117.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest, strip search, prosecution, and use of force against plaintiff MAYLINE ESPOSITO.

119.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

120.    As a result of the foregoing, plaintiff MAYLINE ESPOSITO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

121.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and

19

participated in the arrest, strip search, prosecution, and use of force against plaintiff MAYLINE ESPOSITO.

123.    As a result of the foregoing, plaintiff MAYLINE ESPOSITO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York against all Defendants)

124.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125.    Plaintiff MAYLINE ESPOSITO'S injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

126.    Defendant City, as employer of the each of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

127.    As a result of the foregoing, plaintiff MAYLINE ESPOSITO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

20

**WHEREFORE**, plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individually named defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
July 24, 2015

> BRETT H. KLEIN, ESQ., PLLC
> Attorneys for Plaintiff MAYLINE ESPOSITO
> 305 Broadway, Suite 600
> New York, New York 10007
> (212) 335-0132
>
> By:     _____
>         BRETT H. KLEIN (BK4744)

cc:     All Counsel (via ECF)

21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

MAYLINE ESPOSITO,

                                          Plaintiff,

                                                                    15 CV 0278
              -against-                                              (FB) (VMS)

CITY OF NEW YORK, GERARD DELPRETE, Individually,
JOHN RYAN, Individually, MICHELLE ORTIZ, Individually,
MEGAN CARROLL, Individually, ARTHUR TRUSCELLI,
Individually, NICHOLAS VELEZ, Individually, JOHN BROOKS,
Individually, DAVID LUPPINO, Individually,

                                          Defendants.

-------------------------------------------------------------------------X


### AMENDED COMPLAINT


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132