UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
MAYLINE ESPOSITO,

            Plaintiff,

   -against-                       **MEMORANDUM AND ORDER**
                                            15-278 (FB)
CITY OF NEW YORK, GERARD
DELPRETE, Individually, and JOHN
RYAN, Individually,

            Defendants.
----------------------------------------------------x

*Appearances:*
*For the Plaintiff*                                  *For the Defendant*
BRETT H. KLEIN                              KIMBERLY JOYCE
Klein Civil Rights                              JORGE MARQUEZ
305 Broadway, Suite 600              Corporation Counsel of
New York, New York 10007               the City of New York
                                                                  100 Church Street
                                                                  New York, New York 10007

**BLOCK, Senior District Judge:**

      Following a jury verdict in favor of defendants the City of New York, Gerard Delprete ("Delprete"), and John Ryan ("Ryan"), plaintiff Mayline Esposito motioned for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50, on her false arrest claim.[1] The motion is DENIED.

      Under Rule 50, the Court may "enter judgment as a matter of law against a party on

---

[1] At trial, plaintiff alleged claims of false arrest, excessive force, and illegal search against Ryan, and claims of false arrest, failure to intervene to prevent an unlawful strip search, and failure to intervene to prevent use of excessive force against Delprete. The jury found for defendants on all claims.

an issue only if 'there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" *Nadel v. Isaksson*, 321 F.3d 266, 271–72 (2d Cir. 2003) (quoting Fed. R. Civ. P. 50(a)). The motion must be denied "unless, viewed in the light most favorable to the nonmoving party, the evidence is such that . . . there can be but one conclusion as to the verdict that reasonable persons could have reached." *Id*. at 272 (internal quotation marks omitted).

Plaintiff argues that she is entitled to judgment as a matter of law on her false arrest claim because "it was unreasonable for the jury to conclude that there was legally sufficient evidence to support a finding that Delprete possessed probable cause to arrest plaintiff at the moment he arrested her." Plaintiff's Motion at 7. The Court disagrees. There is evidence that, before plaintiff's arrest, Delprete witnessed: (1) suspicious behavior from individuals in an SUV that led him to believe an arranged meeting was about to take place in a drug-prone area, and (2) plaintiff exchange a piece of folded pink paper for what Delprete believed was money with one of the individuals from the SUV. This is sufficient evidence for a reasonable jury to rely on in concluding that there was probable cause to arrest plaintiff, and therefore that defendants are not liable for false arrest.

**SO ORDERED**

    /S/Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 14, 2017